UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ELLIS MCKINLEY WHITE,<br><br>　　　　　　　　　　Defendant. | Case No.: 20 CR 2205-W<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582 (c)(1)(A) [DOC. 52]** |

　　　On February 7, 2022, this Court sentenced Defendant Ellis McKinley White to eighteen months imprisonment for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(d).  Defendant began serving his sentence on April 8, 2022 [Doc. 50].  Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because of his serious health problems, and the risk of severe illness if he contracts Covid-19.

　　　18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on his behalf.  Defendant has satisfied the exhaustion requirement and the Court has jurisdiction.  For the reasons below, the Court **DENIES** Defendant's motion to reduce his sentence.

Under 18 U.S.C. § 3582(c)(l)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentence under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.l(A)(i)-(ii). U.S.S.G. § 1B1.13 is not binding, however, and "district courts are empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

While the Court may consider factors outside of those articulated in the Commission's policy statement, no evidence shows that Defendant's medical ailments meet the high bar needed to show an extraordinary and compelling reason for a sentence reduction. Defendant argues that his type 2 diabetes and hypertension warrant his immediate release. These conditions are not new and Bureau of Prisons ("BOP") medical records reflect that he is receiving treatment for these conditions. The records state that his diabetes was poorly controlled when he began serving his sentence. They reflect an A1c of 10.3 as of April 27, 2022. (Doc. 52-1 at p. 5.[1]) However, the records reflect an

---

[1] Page references to Doc. 52-1 are to the CM/ECF page number stamped at the top of the document.

A1c of 6.2 as of August 10, 2022. (Id. at p. 9.) The records also reflect that an A1c < 7% for someone with diabetes indicates that their diabetes is well controlled. (Id. at p. 26.) The records further indicate that his hypertension or high blood pressure is being managed. Chronic conditions that can be managed in prison, such as these, are not sufficient for compassionate release.

Defendant contends that his health problems put him at greater risk of serious illness should he contract Covid-19. However, he reported that he received two doses of the Covid-19 vaccines prior to going into custody. (Doc. 56-3 at p. 00078.) Because he is vaccinated, the risk of contracting Covid-19 and becoming severely ill is significantly mitigated. Also, as of December 1, 2022, FCI Talladega, where Defendant is confined, reports that no inmate or staff has Covid-19. (See https://bop.gov/coronavirus.)

No "extraordinary and compelling" reasons exist to justify the extraordinary relief of a reduced sentence. Defendant does not have a terminal illness and is not suffering from a serious condition that substantially diminishes his ability to provide self-care.

Lastly, the 18 U.S.C. § 3553(a) factors counsel against Defendant's early release. His criminal history of burglary and firearm offenses makes clear that he would be a danger to the community.

Based on the foregoing, Defendant's motion for a reduced sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 2, 2022

Hon. Thomas J. Whelan
United States District Judge